IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **CHRISTOPHER L. SATTES AND MELISSA D. SATTES,**  Plaintiffs,  v.  **SPP INC.,**  Serve: **Registered Agents Inc. Registered Agent for SPP Inc. 300 Colonial Center Pkwy., Suite 100N Roswell, GA  30076**  Defendant | Civil Action No.  **COMPLAINT**  **JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by individual consumers, Christopher L. Sattes and Melissa D. Sattes against the Defendant SPP Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiffs, Christopher L. Sattes ("Mr. Sattes") and Melissa D. Sattes ("Mrs. Sattes") are adult individuals who reside in Virginia Beach, VA.

5. Defendant SPP Inc., (hereafter "SPP Inc.") is a business entity that regularly conducts business in the Eastern District of Virginia. Its headquarters are located at 3780 Old Norcross Road, Suite 103-206, Duluth, GA  30096. The principal purpose of SPP Inc. is the

collection of debts already in default using the mail and telephone, and SPP Inc. regularly attempts to collect said debts.

## STATEMENT OF FACTS

6.   At all pertinent times hereto, Defendant was hired to collect a debt originally owed to Indigo MasterCard/Celtic Bank (hereinafter the "Debt").

7.   The Debt arose out of transactions which were primarily for personal, family or household purposes. Specially, the debt arose from the purchase of everyday household goods, including, but not limited to, groceries, gas, clothing, and entertainment.

8.   By way of background, Plaintiffs believe in late 2019 or early 2020, Indigo MasterCard/Celtic Bank retained SPP Inc. to attempt to collect the Debt. Plaintiffs received calls, at least once daily, regarding the debt both before and after satisfying the debt. In those calls, Defendant never identified itself as a debt collector. Plaintiff, Christopher L. Sattes, believes his sister-in-law received six texts from Defendant and his in-laws received three texts from defendant.

9.   On or about May 14, 2020 Mr. Sattes had a conversation with the Defendant for the first time and made the payment arrangements. At this time they verified all the Plaintiffs' contact information.

10.   Despite Plaintiffs previously providing the Defendant with a current mailing and email address as noted in the paragraph above, on or about June 22, 2020 and July 3rd, 2020 Defendant contacted Mrs. Sattes' sister and Mr. Sattes' mother and father-in-law by telephone and text, with messages such as, "Hi this is SPS trying to contact Melissa d. Sattes regarding a package that was returned to us, is this the right number?" and, "Hello this is SPS trying to contact Melissa d. Sattes regarding a package we are attempting to deliver. Is this the correct number?" In these communications Defendant deceptively indicated that it was contacting this relative regarding a

fictitious package pertaining to Mrs. Sattes requesting confirmation of her phone number, when it already had this information. **Exhibit A** attached.

11. On July 4, 2020 Mr. Sattes' mother-in-law and father- in-law, Charles Morris and Brenda Morris, in response to s similar text, texted Defendant back not to contact them anymore, but Defendant failed to stop these harassing texts.

12. Plaintiff, Christopher L. Sattes, advised Defendant by text not to contact him anymore but the texts and calls continued. Defendant never identified itself as a debt collector during these communications. **Exhibit B** attached.

13. Around June or July, 2020 Shawna Collins, Plaintiff Christopher L. Sattes' sister in law, received six text messages from Defendant, in which Defendant requested a valid address or telephone number so that they could contact Plaintiff, Mrs. Sattes, even though they already had the current address.

14. On several days, the Defendant called Plaintiff, Christopher L. Sattes attempting to collect this debt even after the debt was paid in full and texted him for the same purpose. Plaintiffs have records to indicate Defendant called or texted on June 22, 2020 and July 3, 2020, and possibly other dates in an attempt to contact Plaintiffs and collect on a debt that had been satisfied.

15. Defendant called Mrs. Sattes, at least once a day on several days Between May and June of 2020 and texted her several times attempting to collect the debt even after the debt was paid in full.

16. Defendant never represented itself as a debt collector in its communications with Plaintiffs and represented itself as a bill pay company to Plaintiffs in a recorded message in its initial call on or about May 14, 2020.

17. Plaintiff, Christopher L. Sattes, contacted Defendant to make payment arrangements to satisfy this debt, and paid $788.66 in two installments. These two payments of $394.33 each were made on May 14, 2020 and June 30, 2020.

18. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiffs herein.

19. Defendant knew or should have known that its actions violated the FDCPA and state law.

20. Additionally, it could have taken the steps necessary to bring its agent's actions within compliance of the law but neglected to do so and failed to adequately review those actions to ensure compliance with said law.

21. As a result of Defendant's conduct, Plaintiffs have suffered actual damages in the form of emotional distress, physical ailments, humiliation, and embarrassment, plus the costs paid for an attorney.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiffs herein.

## COUNT ONE
## VIOLATIONS OF THE FDCPA

24. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant was a "debt collector[s]" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

28. At various and multiple times prior to the filing of the instant complaint, wiithin the one year preceding the filing of this complaint, Defendant contacted Plaintiffs and their family members in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, and causing my clients' telephones to ring with intent to annoy, abuse, or harass §1692d (2)(5));

b) Failing to validate the debt at the time of initial contact and/or in writing within five days thereafter §1692g (a);

c) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer §1692e (10);

d) Failing to disclose in the initial communication that the communication is an attempt to collect a debt §1692e (11); and

e) Failing to disclose in the initial communication the alleged debtor has thirty days to dispute the debt §1692(g).

f) Communicating with a third party more than once when not requested to do so and when it could not reasonably believe that the earlier response was erroneous or incomplete, and after being told by the third party to cease further communication. §1692b (3); §1692d (5).

31. Defendant's acts as described above were done with intentional, willful, reckless, wanton, and negligent disregard for Plaintiffs' rights under the law.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

33. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper

Respectfully submitted,

**CHRISTOPHER L. SATTES**
And
**MELISSA D. SATTES,**

BY: */s/ John Cole Gayle, Jr.*\_\_\_\_\_
John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
1508 Willow Lawn Drive, Suite 220
Richmond, VA 23230
Telephone: 804-282-7900
Facsimile: 804-673-0316
*Attorney for Plaintiff*

DATED: December 1, 2020